UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CATHERINE ALLEN**                                                                                      **CIVIL ACTION**

**VERSUS**

**WAL-MART LOUISIANA, LLC**                                                                **NO. 08-132-C-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, April 21, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE ALLEN                                                                    CIVIL ACTION

VERSUS

WAL-MART LOUISIANA, LLC                                                 NO. 08-132-C-M2

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Motion to Remand (R. Doc. 2) filed by plaintiff, Catherine Allen ("Allen"). Defendant, Wal-Mart Louisiana, L.L.C. ("Wal-Mart"), has filed an opposition (R. Doc. 4) and a reply memorandum (R. Doc. 5) relative to Allen's motion. Allen has also filed a "response" in support of her motion. (R. Doc. 9-2).

**FACTS & PROCEDURAL BACKGROUND**

On November 7, 2007, Allen filed this lawsuit in the 18th Judicial District Court, Parish of Iberville, State of Louisiana. In her petition, she alleges that, on or about April 12, 2007, she was in the parking lot of Wal-Mart Store #401 on Bellview Road in Plaquemine, Louisiana, when she saw an associate with whom she had previously worked at Wal-Mart who was sitting in an employee smoking area under a metal carport. When Allen attempted to walk over and speak with that associate, she hit her head on the metal carport and fell flat on her back. She contends that the carport is covered with an awning that "looks high enough to walk under," and that she was unaware that the carport was actually lower that the top of her head and therefore "unreasonably dangerous . . . by nature if utilized in the manner used by Wal-Mart." Allen alleges that, as a result of such incident, she suffered damages, including but not limited to the following: (1) Bodily injuries, pain and suffering - past, present and future; (2) Mental anguish and distress - past, present and

future; (3) Medical and pharmaceutical expenses - past, present and future; (4) Apprehension of insufficient medical attention to her injury; (5) Inconvenience; (6) Fear and fright; (7) Embarrassment, humiliation and aggravation; (8) Loss of ability to participate in normal activities; (9) Continual pain and suffering; and (10) Other such damages as may be allowed "under La. C.C. Book III, Chapter 3."

On March 3, 2008, Wal-Mart removed Allen's suit to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332. Allen has now filed the present motion, seeking to have this case remanded to state court because the required monetary amount is not in controversy for purposes of diversity jurisdiction and because Wal-Mart's notice of removal is defective under 28 U.S.C. §1446 in that it "does not contain a plain statement of the ground for removal of this action from state court" and does not contain "any facts which would demonstrate this Court's jurisdiction over this action."[1]

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[2] Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden

---

[1] Allen also asserts a peculiar argument that this case was improperly removed because it was not filed as a Louisiana class action, and the Court cannot rely upon supplemental jurisdiction to retain this case. Like Wal-Mart, the Court fails to recognize how this argument has any applicability to this matter (since this case is not a class action, and Wal-Mart has not relied upon any class action statute or upon supplemental jurisdiction for removal), and the Court therefore will not address that argument herein.

[2] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

3

of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

In removing the present matter, Wal-Mart did not contend that it is "facially apparent" from Allen's petition that her claims are likely to exceed $75,000.00, exclusive of interest and costs; nor could it have rightfully done so, as Allen's petition does not contain a specific amount of monetary damages being claimed and simply contains a list of the usual and customary damages claimed by plaintiffs in personal injury cases, which provides the Court with little guidance as to the monetary amount of damages Allen has or will incur in this matter. Instead, in its notice of removal, Wal-Mart relies upon Allen's responses to its Request for Admissions, which Wal-Mart received on February 19, 2008. Specifically, Wal-Mart references Allen's response to its Request for Admission No. 2, wherein Allen

specifically denies that her damages are less than $75,000.00, exclusive of interest and costs.  *See*, Allen's responses to Wal-Mart's Request for Admissions, attached to Wal-Mart's opposition as Exhibit "A."  In response to that request for admission, Allen further explains that she has "continuing injuries that have not been quantified" and that she "did request a trial by jury [in state court] which in itself asserts that the claim for damages is in excess of $50,000.00."  *Id.*[3]  Within thirty (30) days of receiving that response, Wal-Mart removed Allen's action to this Court.

In its opposition to the present motion, Wal-Mart also contends that, in response to its Request for Production of Documents, Allen produced medical records which reveal that she complains of neck and back symptoms that she relates to the incident in question.[4]  Specifically, Wal-Mart explains that Allen has been diagnosed with lower back pain with radicular symptoms in her legs due to degenerative disc disease at the L4-5 and L5-S1 disc levels and that her treating neurosurgeon has recommended physical therapy and epidural steroid injections for that condition.  Wal-Mart also notes that Allen has been diagnosed with disc bulges at the C4-5 and C5-6 levels, which are causing nerve root impingement

---

[3] Although Allen contends, in her response memorandum related to this motion, that Request for Admission No. 2 contains a "double negative" and is confusing and that she therefore should not be bound by such response, the Court disagrees.  The request specifically asks Allen to "admit that her damages do not exceed the sum of $75,00.00, exclusive of interest and costs."  If her damages did not exceed that amount, she simply could have admitted the statement; instead, she denied it and further indicated that her damages are continuing and have not been quantified.  Neither defense counsel nor this Court are required to disregard Allen's discovery response simply because her counsel contends it is confusing or that she misread it, particularly where other evidence supports the conclusion that removal was appropriate.

[4] Based upon Allen's response to Wal-Mart's Interrogatory No. 4, it appears that she is also claiming injuries to her head, shoulders, arms, hands, legs, and feet as a result of the incident in question.  *Id.*

with associated neck pain and numbness in both hands and for which she has undergone epidural steroid injections to the cervical spine as well as therapy.  Wal-Mart contends that, according to Allen's neurosurgeon's medical records, she is not a surgical candidate due to her COPD (chronic obstructive pulmonary disease).[5]  Although Wal-Mart did not submit Allen's medical records to the Court for review, Allen did not indicate in her responsive memorandum that Wal-Mart's assertions concerning her medical condition are in any way inaccurate.

In further support of its arguments for removal, Wal-Mart relies upon Allen's response to Interrogatory No. 22, wherein Wal-Mart requested that she state whether or not she is claiming to have sustained damages in excess of $75,000.00, exclusive of interest and costs.  In response to that interrogatory, Allen indicates that she "has not determined the extent of her damages but at the time of the suit being filed, her damages were not in excess of $75,000.00."  Wal-Mart contends that such response does not indicate that Allen's alleged "continuing" damages in this suit will not exceed the jurisdictional minimum; instead, it merely indicates that her damages did not exceed that amount at the time she filed this lawsuit in November of 2007.[6]

Finally, in its supplemental memorandum in opposition to Allen's motion, Wal-Mart cites several cases out of the Louisiana First Circuit Court of Appeals indicating that damage awards for an injury similar to Allen's (*i.e.*, aggravation of a pre-existing lumbar

---

[5] Allen also confirms in her discovery responses that she is not a surgical candidate.

[6] As noted above, the jurisdictional facts which support removal must be judged as they exist at the time of removal (*i.e.*, Allen's damages were continuing and undetermined), not at the time the suit was filed.

condition, without surgery) range from $50,000.00 to $80,000.00 for pain and suffering, plus special damages.[7] Wal-Mart notes that, in the present case, Allen claims to have sustained an aggravation of not just one lumbar disc, but four degenerative discs, placing her damages at the higher end of that range, plus her medical special damages, which, according to Allen's response memorandum and Wal-Mart's reply brief, are between $13,000.00 and $14,000.00. Again, plaintiff has not produced any evidence and/or jurisprudence that refutes Wal-Mart's assertions in that regard, nor has she demonstrated to a legal certainty that she will not be able to recover in excess of the jurisdictional minimum.

Considering the summary-judgment type evidence presented by Wal-Mart indicating that, at the time of removal, Allen's damages were "continuing" and "not determined" and Allen's denial that her damages are less than the jurisdictional minimum, in conjunction with

---

[7] *See, Richard v. Milazzo*, 2001-2233 (La. App. 1 Cir. 11/8/02), 831 So.2d 1055 (where the trial court's award of $50,000.00 (which was the maximum amount of damages allowable under the parties' pre-trial agreement limiting damages) was upheld in a case involving a plaintiff who sustained one herniated disc that aggravated his pre-existing but previously unknown spinal condition. The court determined that the herniated disc continued to degenerate, causing the plaintiff pain, discomfort, limitation of physical capabilities, and loss of sleep and that surgery to correct the problem was recommended only when the pain became unbearable because the surgery would cause a permanent limitation in movement and possible residual pain); *Sallinger v. Robichaux*, 1998-2160 (La.App. 1 Cir. 6/22/01), 797 So.2d 724 (General damages of $55,000.00 awarded to plaintiff who had a preexisting degenerative disc condition at the L5-S1 disc levels, and a fall in a parking lot exacerbated that condition by causing a disc bulge and possible herniation where surgery was possible if the plaintiff's condition continued to deteriorate and he could not continue to withstand the pain); *Smith v. Goetzman*, 1997-0968 (La. App. 1 Cir. 9/25/98), 720 So.2d 39 (General damage award of $80,000.00 upheld where plaintiff suffered a moderate disc bulge at the L4-5 level and the possibility of a slight disc bulge at the L5-S1 level, resulting in pain in the plaintiff's back and legs, which was treated with conservative treatment but future surgery was not discounted).

the unrefuted explanation of the nature and extent of Allen's injuries and typical damage awards for personal injury plaintiffs with similar injuries, the Court finds that Wal-Mart has carried its burden of proving, by a preponderance of the evidence, that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.[8] Furthermore, the post-removal stipulation that Allen signed and submitted to Wal-Mart's counsel does not require remand of this case to state court. That stipulation is not dated, is not binding, and is not relevant to the jurisdictional facts as they existed "at the time of removal." In that stipulation, which is attached to Wal-Mart's reply memorandum as Exhibit "B," Allen simply agrees that her claims "are not, as of today, in excess of $75,000.00." She does not agree that her damages cannot exceed the sum of $74,999.00, nor does she waive her claim to any damages in excess of that amount or agree to be bound by such a waiver in the event this case is remanded to state court.[9] [10] Moreover, if diversity

---

[8] Although there is some question as to whether Allen will be able to prove that her alleged injuries were actually caused by the incident at Wal-Mart, that issue need not be resolved at this juncture and will ultimately be determined at trial. Instead, the issue before the Court at this time is whether Allen has asserted allegations placing in controversy an amount in excess of $75,000.00, which the Court finds has occurred.

[9] *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138 (5th Cir. 2001); *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995)(Absent a state rule limiting damages to the amount requested in the *ad damnum* clause, a litigant seeking to prevent removal must file a *binding* stipulation or affidavit *with the complaint*); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)(Post-petition affidavits and stipulations are considered only if relevant to the jurisdictional facts *as they existed at the time of removal*).

[10] In her response memorandum, Allen explains that she "cannot look into a crystal ball and assess how she will feel tomorrow" and therefore cannot quantify her damages, and as a result, remand is required. However, if such an argument was accepted by the Court, removal would essentially never be appropriate in personal injury cases, as such plaintiffs are often unable to quantify their total damages at the time of removal. The issue is not what the plaintiff believes her damages to be at the time she filed suit; instead, it is the amount of damages she could potentially receive, based upon the facts as they exist at the time of removal, in comparison to damage

jurisdiction has already attached, Allen cannot subsequently divest this Court of jurisdiction by voluntarily reducing the amount of her damages "as of today" to an amount below the jurisdictional minimum.[11]

Finally, as to Allen's other argument that Wal-Mart's notice of removal is defective because it "does not contain a plain statement of the ground for removal of this action from state court" and does not contain "any facts which would demonstrate this Court's jurisdiction over this action," the Court finds that those arguments lack merit, as the notice of removal specifically references, at Paragraph 10, that this matter was removed on the basis that it is "a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, in that complete diversity exists between the plaintiff and the defendants and that amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest[ ] and costs." Additionally, in the removal notice, Wal-Mart makes specific reference to Allen's responses to its Requests for Admission, wherein she denied that her damages do not exceed the sum of $75,000.00, as well as to Allen's medical condition as documented in medical records that she produced in response to Wal-Mart's discovery requests. Thus, Wal-Mart set forth facts that demonstrate this Court's jurisdiction over this action, contrary

---

awards in cases involving similar injuries. Based upon the evidence and argument submitted by Wal-Mart, it appears that such amount exceeds $75,000.00 in this case.

[11] *Daniels v. Metropolitan Property and Cas. Ins. Co.*, 2003 WL 22038271 (E.D. La. 2003), citing *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) and *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993)("Nothing in *ANPAC* suggests that stipulations or affidavits - from the plaintiffs, their attorneys, or otherwise – always or even usually should be given effect to defeat removal. Importantly, the Court in *St. Paul Mercury*, 303 U.S. at 292, 58 S.Ct. At 592, held 'though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction'").

to Allen's contention, and Allen's motion to remand should therefore be denied.

## **RECOMMENDATION**

For the above reasons, it is recommended that the the Motion to Remand (R. Doc. 2) filed by plaintiff, Catherine Allen, be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, April 21, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**